ROBERT E. BOYCE
State Bar No. 79806
BOYCE & SCHAEFER
934 23rd Street
San Diego, CA 92102
619/232-3320

Attorney for Defendant
MELISA MELENA MAFNAS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MELISA MELENA MAFNAS,<br><br>　　　　Defendant. | CASE NO. 08CR0306-JLS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS<br><br>Date: March 14, 2008<br>Time: 1:30 p.m. |

**I.**

**STATEMENT OF FACTS**

On January 25, 2008, Melisa Melena Mafnas was stopped at the Interstate 8 Border Patrol Checkpoint and referred to secondary. Two illegal aliens were discovered in the trunk of the Honda Ms. Mafnas was driving. Ms. Mafnas was arrested and charged with alien smuggling in violation of 8 U.S.C. § 1324.

**II.**

**MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE**

Ms. Mafnas moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally *Kyles v. Whitley*, 514

1  U.S. 419 (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

2      (1)   <u>The Defendant's Statements</u>.  The government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings which may have been given to the defendant.  Fed.R.Crim.P. 16(a)(1)(A).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

    (2)   <u>Arrest Reports, Notes and Dispatch Tapes</u>.  The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports. transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed.R.Crim.P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963).  The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch and other tapes, sworn statements, and prosecution reports pertaining to the defendant and his arrest.  See, Fed.R.Crim.P. 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(I).

    (3)   <u>*Brady* Material</u>.  The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under *Brady*, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused.  *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

    (4)   <u>Any Information That May Result in a Lower Sentence Under the Guidelines</u>.  The government must produce this information under *Brady v. Maryland*, 373 US. 83 (1963).

1   This request includes any cooperation or attempted cooperation by the defendant as well as
2   any information that could affect any base offense level or specific offense characteristic
3   under Chapter Two of the Guidelines. The defendant also requests any information relevant
4   to a Chapter Three adjustment, a determination of the defendant's criminal history, and
5   information relevant to any other application of the Guidelines.

6           (5)    <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior
7   record.  Fed.R.Crim.P. 16(a)(1)(B).

8           (6)    <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of
9   prior similar acts under Fed.R.Crim.P. 16(a)(1)(C) and Fed.R.Evid. 404(b) and 609.  In
10  addition, under Fed.R.Evid. 404(b), "upon request of the accused, the prosecution . . . shall
11  provide reasonable notice in advance of trial . . . of the general nature" of any evidence the
12  government proposes to introduce under Fed.R.Evid. 404(b) at trial.  The defendant requests
13  such notice sufficiently in advance of trial in order to give the defense time to adequately
14  investigate and prepare for trial.

15          (7)    <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a
16  result of any search, either warrantless or with a warrant.  Fed.R.Crim.P. 16(a)(1)(C).

17          (8)    <u>Request for Preservation of Evidence</u>.  The defendant specifically requests the
18  preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost,
19  or otherwise put out of the possession, custody, or care of the government and which relate
20  to the arrest or the events leading to the arrest in this case.  This request includes, but is not
21  limited to, the results of any fingerprint analysis, the defendant's personal effects, the
22  vehicles, and any evidence seized from the defendant or any third party.

23          (9)    <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy
24  as well as test, if necessary, all other documents and tangible objects, including photographs,
25  books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which
26  are material to the defense or intended for use in the government's case-in-chief or were
27  obtained from or belong to the defendant.  Fed.R.Crim.P. 16(a)(1)(C).
28          (10) <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written

summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. (Fed.R.Crim.P. 16(a)(1)(E).

(11) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(12) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See, Fed.R.Evid. 608, 609 and 613; *Brady v. Maryland*. In addition, Ms. Mafnas requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. *Kyles v. Whitley*, 115 S.Ct. 1555 (1995); *United States v. Henthorn*, 931 F.2d 29 (9tj Cir. 1991); but see, *United States v. Herring*, 83 F.3d 1120 (9th Cir. 1996).

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that t4ends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(15) <u>Witness Addresses</u>. The defendant requests the name and last known address of each prospective government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(16) <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify her or who was unsure of her identity, or participation in the crime

1  charged.

2  (17) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any
3  statement relevant to any possible defense or contention that he might assert.

4  (18) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of
5  all material, including dispatch tapes, which the government must produce pursuant to the
6  Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the
7  request of defendant to investigate the Jencks material.  A verbal acknowledgment that
8  "rough" notes constitute an accurate account of the witness' interview is sufficient for the
9  report or notes to qualify as a statement under section 3500(e)(1). *Campbell v. United States*,
10  373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991), the
11  Ninth Circuit held that when an agent goes over interview notes with the subject of the
12  interview the notes are then subject to the Jencks Act.

13  (19) <u>Giglio Information</u>.  Pursuant to Giglio v. United States, 3405 U.S. 150 (1972),
14  the defendant requests all statements and/or promises, express or implied, made to any
15  government witnesses, in exchange for their testimony in this case, and all other information
16  which could arguably be used for the impeachment of any government witnesses.

17  (20) <u>Agreements Between the Government and Witnesses</u>.  The defendant requests
18  discovery regarding any express or implicit promise, understanding, offer of immunity, of
19  past, present, or future compensation, or any other kind of agreement or understanding,
20  including any implicit understanding relating to criminal or civil income tax, forfeiture or
21  fine liability, between any prospective government witness and the government (federal, state
22  and/or local).  This request also includes any discussion with a potential witness about or
23  advice concerning any contemplated prosecution, or any possible plea bargain, even if no
24  bargain was made, or the advice not followed.

25  (21) <u>Informants and Cooperating Witnesses</u>.  The defendant requests disclosure of
26  the names and addresses of all informants or cooperating witnesses used or to be used in this
27  case, and in particular, disclosure of any informant who was a percipient witness in this case
28  or otherwise participated in the crime charged against Ms. Mafnas.  The government must

1  disclose the informant's identity and location, as well as disclose the existence of any other
2  percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353
3  U.S. 52, 61-62 (1957). The government must disclose any information derived from
4  informants which exculpates or tends to exculpate the defendant.

5       (22)  <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests
6  disclosure of any information indicating bias on the part of any informant or cooperating
7  witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information would include
8  what, if any, inducements, favors, payments or threats were made to the witness to secure
9  cooperation with the authorities.

10       (23)  <u>Residual Requests</u>. Ms. Mafnas intends by this discovery motion to invoke her
11  rights to discovery to the fullest extent possible under the Federal Rules of Criminal
12  Procedure and the Constitution and laws of the United States. Ms. Mafnas requests that the
13  government provide her and her attorney with the above requested material sufficiently in
14  advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### ALL STATEMENTS MADE BY MS. MAFNAS SHOULD BE SUPPRESSED

**A.  <u>Introduction</u>**.

According to discovery currently provided, after Ms. Mafnas was detained, she was questioned by agents and made statements. In his report, however, Officer Jose Haro states after advising Ms. Mafnas of her *Miranda* rights she "chose to invoke her rights."

**B.  <u>*Miranda* Warnings Must Precede Custodial Interrogation.</u>**

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. See *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The law imposes no substantive duty upon the defendant to make any showing other than that the statement was taken from the defendant during custodial interrogation. *Id*., at 476. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into

custody or otherwise deprived of his freedom of action in any significant way. *Id.*, at 477; see *Orozco v. Texas*, 394 U.S. 324, 327 (1969). In *Stansbury v. California*, the Supreme Court clarified its prior decisions by stating that "the initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." 511 U.S. 318, 323 (1994). The Ninth Circuit has held that a suspect will be found to be in custody if the actions of the interrogating officers and the surrounding circumstances, fairly construed, would reasonably have led him to believe he could not freely leave. See *United States v. Lee*, 699 F.2d 466, 468 (9th Cir. 1982); *United States v. Bekowies*, 432 F.2d 8, 12 (9th Cir. 1970). In determining whether a person is in custody, a reviewing court must consider the language used to summon the defendant, the physical surroundings of the interrogation, and the extent to which the defendant is confronted with evidence of his guilt. See *United States v. Estrada-Lucas*, 651 F.2d 1261 (9th Cir. 1980).

Once a person is in custody, *Miranda* warnings must be given prior to any interrogation. In *United States v. Leasure*, the Ninth Circuit held that "custody," for the purposes of *Miranda* warnings, usually begin at the point of secondary inspection in border cases. 122 F.3d 837, 840 (1997). *Miranda* warnings must advise the defendant of each of his or her "critical" rights. See *United States v. Bland*, 908 F.2d 471, 473 (9th Cir. 1990). Furthermore, if a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. See *Miranda*, 384 U.S. at 474; see also *Edwards v. Arizona*, 451 U.S. 477 (1981).

Because Ms. Mafnas invoked her *Miranda* rights, all statements must be suppressed.

### IV.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

To date, Ms. Mafnas and defense counsel have received some discovery from the government. Counsel requests leave to file further motions based upon information gained through the discovery process.

///

# V.

## CONCLUSION

For the foregoing reasons, the defendant respectfully request that the Court grant the motions made by the defendant.

Respectfully submitted,

Dated: March 11, 2008

/s/ Robert E. Boyce
ROBERT E. BOYCE
Attorney for Defendant
MELISA MELENA MAFNAS